George T. WHALEN, Individually, and as Parent and Legal Guardian of Michael W. Whalen, an Infant; Elizabeth M. Whalen, Individually and as Parent and Legal Guardian of Michael W. Whalen, an Infant, Plaintiffs–Appellees,

v.

COUNTY OF FULTON; Fulton County Department of Social Services; Jeanne D. Johannes, Individually and in her Official Capacity; John Rogers, Individually and in his Official Capacity; Malinda Argotsinger, Individually and in her Official Capacity; Karen Glover, Individually and in her Official Capacity; Judith Vanheusen, Individually and in her Official Capacity, Defendants–Cross–Defendants–Appellants,

County of Montgomery; Montgomery County Department of Social Services; Robert L. Reidy, Individually and in his Official Capacity; Molly Johnson, Individually and in her Official Capacity; Cynthia Hallam, Individually and in her Official Capacity, Defendants–Cross–Claimants–Appellants.

No. 784, Docket 93–7457.

United States Court of Appeals, Second Circuit.

Argued Nov. 22, 1993.

Decided March 29, 1994.

John H. Pennock, Jr., Amsterdam, NY (Horigan, Horigan, Pennock and Lombardo, of counsel), for defendants-cross-defendants-appellants.

Douglas E. Lentivech, Albany, NY (Maynard, O'Connor & Smith, of counsel), for defendants-cross-claimants-appellants.

Brendan C. O'Shea, Albany, NY (Gleason, Dunn, Walsh & O'Shea, of counsel), for plaintiffs-appellees.

Before: MESKILL and WALKER, Circuit Judges, and MOTLEY,* District Judge.

MESKILL, Circuit Judge:

The defendants appeal from an order of the United States District Court for the Northern District of New York, Scullin, J., denying their motion for summary judgment on the ground of qualified immunity, without prejudice to its renewal after further discovery. We dismiss the appeal for lack of appellate jurisdiction.

## BACKGROUND

The following facts and procedural history are pertinent to this appeal. The plaintiffs, George Whalen, Elizabeth Whalen and Michael Whalen, filed this action pursuant to 42 U.S.C. § 1983 against the County of Fulton, New York, the Fulton County Department of Social Services (FCDSS), the County of Montgomery, New York, the Montgomery County Department of Social Services (MCDSS) and certain employees of FCDSS and MCDSS (collectively "defendants"). Those employees, who were sued in their official and individual capacities, are Jeanne D. Johannes, John Rogers, Malinda Argotsinger, Karen Glover, Judith Vanheusen, Robert L. Reidy, Molly Johnson and Cynthia Hallam (individual defendants). In addition to asserting various pendent state law claims, George and Elizabeth Whalen maintained that, by placing the biological sister of their adopted son Michael with another family, the defendants violated the Whalens' constitu-

---

* Honorable Constance Baker Motley, United States District Judge for the Southern District of New York, sitting by designation.

tional rights. The constitutional rights allegedly violated are the rights of freedom of association and of access to the courts guaranteed by the First Amendment and the right to substantive and procedural due process guaranteed by the Fourteenth Amendment. After filing answers to the complaint, the defendants sought summary judgment in favor of the individual defendants on the section 1983 claims on the ground that the individual defendants are entitled to qualified immunity.[1] The district court denied the motion without prejudice to its renewal after further discovery. This appeal followed.

## DISCUSSION

The denial of a motion for summary judgment is an interlocutory order not ordinarily immediately appealable. *See* 28 U.S.C. § 1291; *see also Cartier v. Lussier,* 955 F.2d 841, 844 (2d Cir.1992) ("the denial of summary judgment based on the issue of qualified immunity [is] technically interlocutory"). In the interest of judicial economy, appellate courts do not freely allow exceptions to the final judgment requirement for appellate jurisdiction. To do otherwise would invite a plethora of piecemeal appeals.

Under certain circumstances, however, the denial of a defendant's summary judgment motion on the ground of qualified immunity is an exception to the general rule and is immediately appealable under the collateral order doctrine. *Mitchell v. Forsyth,* 472 U.S. 511, 527–30, 105 S.Ct. 2806, 2816–17, 86 L.Ed.2d 411 (1985); *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 546–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949); *Cartier,* 955 F.2d at 844. An appropriate application of the collateral order doctrine here would ensure that if the denial of the defendants' motion was erroneous the individual defendants would not be subjected unnecessarily to the ordeal of defending against the plaintiffs' claims. *See Mitchell,* 472 U.S. at 526–27, 105 S.Ct. at 2815–16

(qualified immunity is an entitlement "not to stand trial or face the other burdens of litigation"). Certain rights are "too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen,* 337 U.S. at 546, 69 S.Ct. at 1225. As the Supreme Court has recognized, an immediate appeal from the denial of a motion for summary judgment based on the qualified immunity doctrine is appropriate because " '[t]here are simply no further steps that can be taken in the District Court to avoid the trial the defendant maintains is barred.' " *Mitchell,* 472 U.S. at 527, 105 S.Ct. at 2816 (quoting *Abney v. United States,* 431 U.S. 651, 659, 97 S.Ct. 2034, 2040, 52 L.Ed.2d 651 (1977)).

The collateral order doctrine does not apply where the validity of the challenged order cannot be decided as a matter of law. *Cartier,* 955 F.2d at 844. Moreover, to be appealable as a collateral order, an order must (1) "conclusively determine the disputed question," (2) "resolve an important issue completely separate from the merits of the action," and (3) "be effectively unreviewable on appeal from a final judgment." *See Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978).

The order appealed from in this case passes the second and third tests but fails the first. The denial of the motion without prejudice to renewal before trial does not conclusively determine the disputed question, namely, whether the individual defendants are entitled to qualified immunity. For this reason we need not decide whether the validity of the denial of the summary judgment motion can be determined as a matter of law because, even if the validity of the order could be decided on this record, the order lacks that element of finality necessary for an

1. The summary judgment motion that is the subject of this appeal was joined by all of the defendants, but it sought summary judgment on the ground of qualified immunity as to the individual defendants. *See Anderson v. Creighton,* 483 U.S. 635, 638, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987) (qualified immunity is available to govern-

ment *officials*). This appeal is brought by all of the defendants to challenge the district court's denial of summary judgment as to the individual defendants. In light of our disposition of this appeal, we need not determine whether all defendants have standing to challenge the district court's denial of summary judgment.

interlocutory appeal under the collateral order doctrine.[2]

If the motion for summary judgment is renewed and denied after further discovery, the defendants can have that denial reviewed if they demonstrate that the issue can be decided as a matter of law. Failing that, we would have no appellate jurisdiction.

Appeal dismissed.

WALKER, Circuit Judge, dissenting:

I believe that we have jurisdiction to hear this appeal and would hold that the district court's decision erroneously denied defendants' qualified immunity motion.

The qualified immunity doctrine provides public officials with immunity from suit "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known, or insofar as it was objectively reasonable for them to believe that their acts did not violate those rights." *Golino v. City of New Haven,* 950 F.2d 864, 870 (2d Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 3032, 120 L.Ed.2d 902 (1992) (internal quotations and citations omitted). In this case, the individually named county defendants ("defendants") moved for summary judgment under the first prong of the qualified immunity doctrine, arguing that the case should be dismissed because plaintiffs do not have any clearly established rights regarding the younger biological sibling (Elizabeth) of the child plaintiff (Michael). Since in my view no further factual inquiry is necessary before deciding this question in defendants' favor, I would reverse and dismiss the case now on qualified immunity grounds.

The district court denied the motion without prejudice, stating that the parents "may be able to establish that they have a constitutionally protected right regarding their relationship with Elizabeth" and that it could not find as a matter of law that defendants' actions were objectively reasonable because they had knowledge of the parents' interest in adopting Elizabeth but failed to act on it.

In reviewing the qualified immunity motion, the court did not address whether the state of the law was such that Michael had a clearly established right to a relationship with Elizabeth. However, in an earlier discussion of defendants' Rule 12(b)(6) motions, the court determined that it could not find as a matter of law "that Michael has no liberty interest in maintaining a relationship with Elizabeth." The district court concluded by stating that defendants could renew their qualified immunity motion "after discovery in this case has been taken."

The district court's analysis of defendants' motion is faulty for two reasons. First, the district court failed to apply the correct standard of review. The question is not whether plaintiffs "might" be able to successfully assert a right; rather, before plaintiffs can recover from defendants who enjoy qualified immunity, they must be able to point to a right that is already "clearly established," of which reasonable persons would be aware, that has been violated. *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982).

Second, the district court erred in failing to conclude that plaintiffs presently have no clearly established right to adopt or live with the younger biological sibling of an adopted child where neither the adoptive parents nor the adopted child has had previous contact with the sibling. No case leads me to the conclusion that such a right exists, much less that it is "clearly established." Mr. and Mrs. Whalen urge us to find a basis for their right to associate with Elizabeth in *Smith v. Organization of Foster Families for Equality & Reform,* 431 U.S. 816, 97 S.Ct. 2094, 53 L.Ed.2d 14 (1977). In *Smith,* which upheld New York state procedures governing the removal from a foster home of children resident there a year or more, the Court determined that foster families have, at best, a limited liberty interest in remaining together. It is plain that this case does not create a "clearly established" right to form a relationship with the younger sibling of an adopted child, especially when the plaintiff parents

---

**2.** In response to Judge Walker's comment in dissent that we do not question his analysis, we wish to make clear that we do not reach his analysis of the merits of the qualified immunity issue because we lack jurisdiction to do so.

have never lived with the younger child. On the contrary, recognition of such a liberty interest would require an extension of *Smith*'s line of reasoning. Although this extension may someday become the law, the qualified immunity doctrine expressly protects public employees from having to predict whether a court will grant rights where they previously did not exist.

Plaintiffs next argue that Michael has a liberty interest in associating with his sister based on *Rivera v. Marcus*, 696 F.2d 1016 (2d Cir.1982), and *Aristotle P. v. Johnson*, 721 F.Supp. 1002 (N.D.Ill.1989). *Rivera* held that an adult woman who was both custodial relative and foster parent to her two half-siblings was not provided sufficient due process protection when the State of Connecticut removed the children from her home. *Johnson* refused to dismiss plaintiffs' claims alleging that defendants' practice of placing children in separate foster homes and denying them the opportunity to visit their siblings violated their rights under the First and Fourteenth Amendments. Both of these cases are clearly distinguishable from the case at bar: *Rivera* was an adult who had cared for her younger siblings for six years; Michael is himself a child who has never had contact with his younger sister. As for *Johnson*, the plaintiffs in that case were asserting the simple right to maintain contacts with their siblings, with whom they had an ongoing relationship; here, Michael is asserting the right to live with his younger biological sibling without pre-existing ties. Neither *Rivera* nor *Johnson* established a generalized liberty interest of an adopted child in associating with his biological siblings; much less did they create a particularized interest in an adopted child to have his younger biological sister placed in his adoptive home.

While this analysis directly addresses plaintiffs' claims based on the rights of association and substantive due process, it also disposes of their allegations that they were denied access to the courts and procedural due process since these latter claims are also premised upon recognition of a liberty interest in adopting or living with Elizabeth. Because such a right did not clearly exist at the time of the acts complained of, defendants are entitled to summary judgment on all four of plaintiffs' federal claims.

While not questioning the foregoing analysis, the majority is willing to forego consideration of these issues because the district court opinion denied defendants' qualified immunity motion without prejudice, giving them leave to renew the motion "after discovery in this case has been taken." The majority thus concludes that we lack jurisdiction because the district court did not definitively resolve the question of whether defendants are entitled to qualified immunity. The practical consequence of the majority's decision is to allow the district court to resolve this question at any time as long as defendants who deserve qualified immunity will be spared a trial.

I believe the majority's approach misapprehends the protection afforded by the qualified immunity doctrine. This doctrine protects immunized defendants not only from trials, but also from broad based discovery where there is no showing that defendants have violated a clearly established right belonging to plaintiffs. As stated by the Supreme Court in *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985), "the *Harlow* Court refashioned the qualified immunity doctrine in such a way as to 'permit the resolution of many insubstantial claims on summary judgment' and to avoid 'subject[ing] government officials either to the costs of trial *or to the burdens of broad reaching discovery*' in cases where the legal norms the officials are alleged to have violated were not clearly established at the time." *Id.* at 526, 105 S.Ct. at 2815 (emphasis added). Accordingly, defendants who do not violate clearly established rights are entitled to an immediate dismissal of the suit against them. *See id.* ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity *is entitled to dismissal before the commencement of discovery.* ") (emphasis added). I thus disagree with the majority's view which will improperly subject to broad discovery defendants who are rightfully entitled to an immediate dismissal of the suit.

I am aware that courts in other circuits have held that they lack jurisdiction to re-

view district court orders denying qualified immunity motions pending further discovery. *See Maxey by Maxey v. Fulton,* 890 F.2d 279 (10th Cir.1989); *Boulos v. Wilson,* 834 F.2d 504 (5th Cir.1987). However, they have done so in specialized circumstances: where the defendant's immunity claim turns at least partially on a factual question, the district court is unable to rule on the immunity defense without further clarification of the facts, and the discovery order is narrowly tailored to uncover only those facts needed to rule on the immunity issue. *See Maxey,* 890 F.2d at 282–83; *Boulos,* 834 F.2d at 507. These decisions still support the proposition that where further factfinding is unnecessary to decide defendants' legal arguments, defendants should not be put to the expense of discovery. *See Maxey,* 890 F.2d at 282; *Boulos,* 834 F.2d at 507.

In this case, the district court did not postpone its decision on defendants' legal arguments in order to permit limited discovery related solely to the immunity issue. Such a course would have been inappropriate since plaintiffs' claims do not turn on factual questions and further discovery was not required in order to evaluate defendants' arguments under the first prong of the qualified immunity doctrine.

Instead, the district court reviewed defendants' arguments and expressly rejected them on the basis that plaintiffs "might" be able to establish that they have a constitutionally protected right regarding their relationship with Elizabeth. This legal conclusion was wrong. Moreover, it is reviewable as an interlocutory order because it conclusively determines the disputed question of whether the individual defendants violated plaintiffs' clearly established rights. In refusing to review these legal conclusions by dismissing the appeal, the majority deprives defendants who have not violated clearly established rights of their right to have the case immediately dismissed.

I would therefore hold that we have jurisdiction to review the court's decision, regardless of its inclusion of the "without prejudice" language, and would reverse. The opportunity for defendants to renew their legal argu-

ments *after* broad based discovery still denies them the full protection they are rightfully due under the qualified immunity doctrine.

I respectfully dissent.