SUMMARY ORDER

Defendants-appellants City of Danbury (“Danbury”), Chief of Police Robert Pa-quette, and Officer Michael Georgoulis appeal from an October 22, 2007 “telephonic status conference” of the United States District Court for the District of Connecticut (Thompson, J.) in which Danbury claims the district court denied its summary judgment motion. We lack jurisdiction to consider this appeal for two reasons.
First, Danbury contends that the district court wrongly rejected its argument that plaintiff-appellee Russell Prevost (“Prevost”) is collaterally estopped from contesting probable cause because Prevost resolved the charges in question by pleading nolo contendere to a lesser infraction. It is clear from the transcript, however, that the district court did not rule on this claim and, in fact, directed further briefing: “I think to the extent that you all can submit ... memorandum of law on the issues, that will go a long way towards expediting a resolution of this ... I would rather have the law briefed before I have to rule on the Rule 50 motions.” Under the collateral order doctrine, we may not exercise jurisdiction where an order does not “conclusively determine the disputed question.” Coopers & Lybrand v. Livesay, 437 U.S. 463, 468, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978). Even assuming, arguendo, that the district court ruled against Danbury with respect to collateral estoppel, the court’s request for further briefing would itself bar jurisdiction. See Whalen v. County of Fulton, 19 F.3d 828, 830-31 (2d Cir.1994) (“The denial of the motion without prejudice to renewal before trial does not conclusively determine the disputed question, namely, whether the individual defendants are entitled to qualified immunity. For this reason we need not decide whether the validity of the denial of the summary judgment motion can be determined as a matter of law because, even if the validity of the order could be decided on this record, the order lacks that element of finality necessary for an interlocutory appeal under the collateral order doctrine.”)
Second, to the extent the district court also denied Danbury’s claim for qualified immunity based on its argument that Prevost failed to allege a violation of a clearly established right, the court’s ruling turned on the existence of a “genuine issue of material fact” regarding the scope of the arresting officer’s investigation at the scene. “[Ijmmediate appeal is not permitted if the district court’s denial of summary judgment for qualified immunity rests on a finding that there were material facts in dispute.” Genas v. State of N.Y. Dep’t of Corr. Servs., 75 F.3d 825, 830 (2d Cir.1996). Although a district court’s finding of a material factual dispute does not prevent appellate review if the defendants “contend that even according to plaintiffs’ version of the facts, they are entitled to summary judgment,” Tierney v. Davidson, 133 F.3d 189, 194 (2d Cir.1998), Danbury has not accepted Prevost’s factual assertions, and the facts underlying each party’s account of the relevant events have not been fully briefed. We thus lack jurisdiction to consider Danbury’s appeal on this issue as well.
For the foregoing reasons, the appeal is DISMISSED.